1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
   IN THE UNITED STATES DISTRICT COURT
9
   EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-77-JAM
12 | Plaintiff, | STIPULATION REQUESTING NEW TRIAL DATE AND EXCLUDABLE TIME PERIODS UNDER
13 | v. | SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER
14 | CHRISTOPHER OWEN BALLEZ, |
15 | Defendant. | DATE: August 16, 2021
   | | TIME: 9:00 a.m.
16 | | COURT: Hon. John A. Mendez

17     This case is set for a jury trial on August 16, 2021, with a trial confirmation hearing on July 20,
18 2021. As a result of recent developments in this matter, the parties now jointly request by this
19 stipulation that the Court continue trial to February 7, 2022. For the reasons set forth below, the parties
20 also request that the Court exclude time under the Speedy Trial Act between the date of an order
21 granting this request, and February 7, 2022, inclusive, under Local Code T4, as well as under the Court's
22 General Orders regarding time exclusions for public health and safety concerns during the COVID-19
23 pandemic, to the extent they remain applicable.
24     At the time of writing, the Speedy Trial clock has been paused under Local Code E while the
25 United States' motion *in limine* is pending before the Court. ECF No. 32.

26                                **BACKGROUND**

27     On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the
28 Eastern District of California "until further notice." Under General Order 618, a judge "may exercise

his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa,* 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen,* --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). A new trial date, up to which the excludable delay would continue, would provide the appropriate limitation for the continuance. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, Christopher Ballez, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial to begin on February 7, 2022, with the trial confirmation hearing set for July 20, 2021. At the time the Court set the trial date, the defendant invoked his right to a speedy trial and the Court did not exclude time under Local Code T4.

2. By this stipulation, defendant now moves to exclude time between the date of the Court's order granting this motion and February 7, 2022, inclusive, under 18 U.S.C. § 3161(h)(7)(A), B(iv)

[Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has recently produced a significant amount of discovery in this matter, including additional investigative reports, dozens of photographs, video footage of police interviews with witnesses and co-defendants in a parallel state robbery case, audio recordings, and forensic reports. This is in addition to the discovery the government produced at the time it charged this case, which included photographs and investigative reports. In addition, there is related physical evidence in the form of narcotics, a firearm, and robbery tools in law enforcement custody. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review and inspect the discovery, consult with his client, including reviewing the charges and the discovery with his client, and otherwise prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the locus of many of the events in question is Butte County, and travel even between counties for the purpose of investigation has been restricted by COVID-19. Although conditions are improving, the ability of counsel to meet with his client has been difficult during various state and regional lockdowns as well.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between the date of the Court's order

granting this request and February 7, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 24, 2021          PHILLIP A. TALBERT
Acting United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated: May 24, 2021          /s/ JEROME PRICE
JEROME PRICE
Assistant Federal Defender
Counsel for Defendant
CHRISTOPHER OWEN BALLEZ

### FINDINGS AND ORDER

The August 16, 2021 trial date is vacated. This case is set for jury trial on February 7, 2022. Time is excluded under Local Code T4 between May 25, 2021 and February 7, 2022.

IT IS SO FOUND AND ORDERED this 25th day of May, 2021.

THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE