1  PHILLIP A. TALBERT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-77-JAM

12                    Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13        v.                              ORDER

14 CHRISTOPHER OWEN BALLEZ,               DATE: June 14, 2022
                                          TIME: 9:30 a.m.
15                    Defendant.          COURT: Hon. John A. Mendez

16

17

18        This case was set for a status conference on June 14, 2022.  By this stipulation, the parties

19 request that the Court continue the status conference to July 26, 2022, at 9:30 a.m., and to exclude time

20 under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

21        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

22 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

23 continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

24 address public health concerns related to COVID-19.

25        Although the General Orders address the district-wide health concern, the Supreme Court has

26 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28 *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

1    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4    or in writing").

5          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8    the ends of justice served by taking such action outweigh the best interest of the public and the

9    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11   ends of justice served by the granting of such continuance outweigh the best interests of the public and

12   the defendant in a speedy trial." *Id.*

13         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22   In light of the societal context created by the foregoing, this Court should consider the following case-

23   specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice

24   exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the

25   status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

26   continuance must be "specifically limited in time").

27

28         [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.      By this stipulation, the defendant now moves to continue the status conference and to exclude time between June 14, 2022, and July 26, 2022, under Local Code T4, in addition to the exclusion of time the Court has already ordered in light of public health concerns cited by General Order 611, 612, and 617.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced discovery in this matter including investigative reports and photographs.  Counsel for the defendant will need additional time to review the discovery.  Defense counsel will also need time to review the current charges, to investigate and conduct research related to the current charges, and to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

b)      Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance.

d)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from June 14, 2022, to July 26, 2022, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

1        3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4        IT IS SO STIPULATED.

5   Dated:  June 10, 2022                                    PHILLIP A. TALBERT
                                                             United States Attorney
6
                                                             /s/ JAMES R. CONOLLY
7                                                            JAMES R. CONOLLY
                                                             Assistant United States Attorney
8

9   Dated:  June 10, 2022                                    /s/ JEROME PRICE
                                                             JEROME PRICE
10                                                           Assistant Federal Defender
                                                             Counsel for Defendant
11                                                           CHRISTOPHER OWEN BALLEZ

12

13

14

15                                        **ORDER**

16        IT IS SO FOUND AND ORDERED this 10th day of June, 2022.

17

18                                                           /s/ John A. Mendez
                                                             THE HONORABLE JOHN A. MENDEZ
19                                                           UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24

25

26

27

28